IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON BROWN,<br>Plaintiff, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 19-CV-2132 |
| SUPERIOR COURT OF<br>PENNSYLVANIA, *et al.*,<br>Defendants. | : <br> : <br> : <br> : | FILED<br>MAY 29 2019<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

MEMORANDUM

**TUCKER, J.**     May 28, 2019

Plaintiff Jason Brown, a regular litigant in this Court who is representing himself (proceeding *pro se*), filed this civil rights action naming as Defendants the Superior Court of Pennsylvania and the Court of Common Pleas for Delaware County. Brown also seeks leave to proceed *in forma pauperis* and has filed several motions. For the following reasons, the Court will grant leave to proceed *in forma pauperis*, dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Brown's claims are frivolous, and deny all pending motions.

**I.     FACTS**

Briefly stated, Brown claims that state court docket sheets from the Pennsylvania Superior Court and the Court of Common Pleas of Delaware County that he has attached to his Complaint show that he was denied a trial for crimes with which he was charged and denied due process when he sought an expungement of his criminal history record.[1] He alleges that the

---

[1] Public dockets reflect that on December 3, 2002, Brown was charged with criminal attempt, possession of a weapon, simple assault, aggravated assault, reckless endangerment of another person, harassment, criminal mischief, robbery, and carrying firearms without a license. *Commonwealth v. Brown*, Docket No. CP-23-CR-0000151-2003 (Delaware Cty. Common

Superior Court conspired against his right to petition government by frivolously accepting his petition for reconsideration and the Common Pleas Court "has not recorded a trial in the [] criminal record it has placed me apart of." (ECF No. 2 at 5.)[2]

## II. STANDARD OF REVIEW

Because Brown appears to be unable to pay the filing fee for this matter, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, requiring the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The vehicle by which a litigant may bring a civil rights action in a federal court to assert constitutional violations is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Once again, Brown seeks to bring a § 1983 action against Courts of the Commonwealth of Pennsylvania for allegedly violating his civil rights. As the Court previously explained to Brown, however, the Courts of the Commonwealth are not a "persons" subject to liability under

---

Pleas). On December 1, 2003, Brown pled guilty to robbery and was sentenced to two (2) to five (5) years of incarceration. *Id.*

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

§ 1983 and, in any event, as entities of the Commonwealth are entitled to Eleventh Amendment immunity from Brown's claims. *See Brown v. Court of Common Pleas for Delaware Cnty.*, Civ. A. No. 18-410, 2018 WL 837592, at *3 (E.D. Pa. Feb. 9, 2018) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) and *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) and dismissing claim against Common Pleas Court with prejudice); *Brown v. Court of Common Pleas for Delaware Cty.*, Civ. A. No. 18-3043, 2018 WL 3623027, at *3 (E.D. Pa. July 30, 2018) (same). Accordingly, Brown's claims against the Superior Court of Pennsylvania and the Court of Common Pleas for Delaware County are subject to dismissal with prejudice because § 1983 claims asserted against parties that are not "persons" are legally frivolous. An appropriate Order follows.

**BY THE COURT:**

_____
**PETRESE B. TUCKER, J.**